UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARVEY LEE PRESTON,

          Petitioner,                                   Case No. 2:25-cv-11995

v.                                                              Honorable Susan K. DeClercq
                                                                United States District Judge

DALE BONN,

          Respondent.
_____/

## OPINION AND ORDER DIRECTING THE CLERK OF THE COURT TO TRANSFER THE SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1) TO THE COURT OF APPEALS FOR THE SIXTH CIRCUIT

Petitioner Harvey Lee Preston, confined at the Ionia Maximum Correctional Facility in Ionia, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF No. 1. But, as explained below, because his petition is a "second or successive petition" within the meaning of 28 U.S.C. § 2244(b)(3)(A), this Court must direct the Clerk of the Court to transfer the case to the Court of Appeals.

## I. BACKGROUND

Petitioner was convicted by a jury in the Oakland County Circuit Court for carjacking, Mich. Comp. Laws § 750.529a; unarmed robbery, Mich. Comp. Laws § 750.530; first-degree home invasion, Mich. Comp. Laws § 750.110a(2); and two

counts of second-degree criminal sexual conduct, Mich. Comp. Laws §
750.520c(1)(c). Petitioner's conviction was affirmed on appeal. *People v. Preston*,
2012 WL 5853223, No. 298796 (Mich. Ct. App. Oct. 30, 2012); *lv. den.* 829 N.W.2d
225 (Mich. 2013).

Petitioner filed his first federal habeas corpus petition, which was denied on
the merits. *Preston v. Gidley*, 2017 WL 4572336; No.14-10606 (E.D. Mich. Oct. 12,
2017); *app. dism*. No. 17-2389 (6th Cir. Apr. 25, 2018). Petitioner has since been
denied permission at least fourteen times by the Sixth Circuit to file a successive
federal habeas petition. *In re Preston,* No. 18-1847 (6th Cir. Nov. 26, 2018); *In Re
Preston,* No. 20-1641 (6th Cir. Dec. 8, 2020); *In Re Preston,* No. 21-1071 (6th Cir.
May 12, 2021); *In Re Preston,* No. 21-2620 (6th Cir. Sep. 23, 2021); *In Re Preston,*
No. 22-1072 (6th Cir. July 28, 2022); *In Re Preston*, No. 22-1723 (6th Cir. Sept. 28,
2022); *In Re Preston,* No. 24-1010 (6th Cir. Feb. 13, 2024); *In Re Preston*, No. 24-
1052 (6th Cir. Feb. 21, 2024); *In Re Preston,* No. 24-1067 (6th Cir. Mar. 7, 2024);
*In Re Preston,* No. 24-1232 (6th Cir. Apr. 17, 2024); *In Re Preston,* No. 24-1521
(6th Cir. Nov. 1, 2024);  *In Re Preston,* No. 24-1597 (6th Cir. Nov. 1, 2024); *In Re
Preston,* No. 25-1045 (6th Cir. Mar. 20, 2025); *In Re Preston,* No. 25-1162 (6th Cir.
Mar. 20, 2025).

In July 2025, Petitioner again filed a habeas petition, in which he again challenges his convictions out of the Oakland County Circuit Court. ECF No. 1. It is that petition that is presently before this Court.

## II. LEGAL STANDARD

A person seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. See 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998).  Congress has vested in the court of appeals a screening function that the district court previously had performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).  Under the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court lacks the jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *See Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999).  When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must transfer the document to the court of appeals. *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at

the time it was filed"); *In re Sims*, 111 F.3d 45, 47 (6th Cir.1997) (holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

### III. DISCUSSION

Petitioner previously filed a habeas petition with the federal courts challenging his conviction out of the Oakland County Circuit Court, which was denied on the merits. *See Preston v. Gidley*, 2017 WL 4572336; No.14-10606 (E.D. Mich. Oct. 12, 2017); *app. dism*. No. 17-2389 (6th Cir. Apr. 25, 2018). And, as discussed, Petitioner has also been denied permission numerous times by the Sixth Circuit to file a successive petition. Thus, Petitioner cannot proceed with the issues raised in the current habeas application without first obtaining permission to file a second or successive habeas petition from the Sixth Circuit Court of Appeals.

Accordingly, the Clerk of Court will be directed to transfer the habeas petition, ECF No. 1, to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. § 1631. *See Galka v. Caruso,* 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009).

- 4 -

## IV. CONCLUSION

Accordingly, it is **ORDERED** that the Clerk of the Court is **DIRECTED** to transfer the petition, ECF No. 1, to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: August 14, 2025